IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grace Smith,<br><br>        Plaintiff,<br><br>v.<br><br>Kershaw County School District,<br><br>        Defendant. | C/A No. 3:24-cv-01967-JFA-SVH<br><br><br>**ORDER AND OPINION** |

## I. INTRODUCTION

Plaintiff Grace Smith ("Plaintiff") brings this action against her former employer, Kershaw County School District ("Defendant"), asserting claims of failure to accommodate and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 1201, *et seq* ("ADA"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for review.

Plaintiff filed her complaint in this Court on April 16, 2024. (ECF No. 1). On April 17, 2024, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 4). Plaintiff filed a Response in Opposition on May 15, 2024, and Defendant filed its Reply on May 15, 2024. (ECF Nos. 8, 10). After reviewing the filings in this case, the Magistrate Judge assigned to this action[1] prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Recommendation ("Report") and opines Defendant's Motion for Summary Judgment should be denied.

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff timely filed her objections to the Report, and thereafter, Defendant filed its Reply. (ECF Nos. 12, 13). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus

requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The standard for a motion to dismiss is well known and is stated within the Report which is incorporated herein.

### III. DISCUSSION

#### A. The Magistrate Judge's Findings of Fact

Plaintiff objects to the Report's entire "Factual and Procedural Background" section "to the extent that [it] can be construed to present [the Plaintiff's allegations] as uncontroverted or established." (ECF No. 12, p. 1). This objection is by definition nonspecific because it does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, Plaintiff's objection misunderstands the 12(b)(6) standard, which provides that motions to

3

dismiss solely serve "to test the sufficiency of [the pleading] and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). Further, a court reviewing the adequacy of a complaint "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Report properly accepted Plaintiff's well-pleaded allegations as true and construed Plaintiff's complaint in the light most favorable to her, as it must under Fed. R. Civ. P. 12(b)(6) and binding Fourth Circuit precedent. Thus, this objection is overruled.

B. **Whether the District is an Arm of the State of South Carolina**

Defendant argues that the Report erred in improperly weighing the four factors of the *Ram Ditta v. Maryland Nat'l Park & Planning Comm'n* test by giving undue weight to the first factor—whether a judgment against the District would have to be paid from the state treasury. 822 F.2d 456, 458 (4th Cir. 1987). Defendant also argues that the Report "misunderstands the nature of the District's organization and operations." (ECF No. 12, pp. 2–3). The Report concluded, and this Court agrees, that all four *Ram Ditta* factors weigh in favor of finding that Defendant is "not an arm of the state" and is not entitled to Eleventh Amendment immunity. (ECF No. 10, p. 6). Further, and importantly, there is no binding authority regarding whether school districts in South Carolina are "[arms] of the state for purposes of Eleventh Amendment immunity." *Grady v. Spartanburg Sch. Dist. Seven*, C/A No. 7:13-02020-GRA, 2014 WL 1159406, at *3 (D.S.C. Mar. 21, 2014). Rather, "the inquiry must be done on a case-by-case basis." *Id.*

4

1. **The "State Treasury" Factor**

The Report concluded, and this Court agrees, that the first factor at issue—"whether a judgment against Defendant would have to be paid from the State's treasury—weighs in favor of a ruling that Defendant is not entitled to Eleventh Amendment immunity. (ECF No. 10, pp. 9, 14). First, S.C. Code Ann. § 59-17-10, which requires school districts to be corporate entities that can sue and be sued, hold property, enter into contracts, and hold real and personal property, is analogous to the law addressed in *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 224–25 (4th Cir. 2001).[2] Further, this Court agrees that Defendant has presented no evidence which would show that South Carolina would be legally required to pay any judgment rendered against Defendant in this case. Lastly, Defendant has not identified any State law that would enable it to use "funds allocated by the State for specific educational purposes . . . for the purposes of satisfying an adverse judgment." *Cash*, 242 F.3d at 224–25. Notably, Defendant does not make specific arguments or point to particular facts regarding the Report's analysis of "state treasury factor" in its objections, merely stating that it reserves the right to "revisit the issue after the completion of discovery if the instant motion is not granted." (ECF No. 12, p. 3). The Report's analysis of the "state treasury" factor and its conclusion that the "state treasury"

---

[2] This Court agrees that the *Cash* opinion "remains binding precedent including the direction it provides that where the state's treasury will not be affected by a judgment against Defendant, it 'counsels against a finding of immunity.'" (ECF No. 10, p. 13 (citing *Cash*, 242 F.3d at 224)). Although there may be some differences in South Carolina's and North Carolina's school districts and the laws creating and governing them, *Cash* still contains overarching principles and rules of law that govern this Court.

5

factor weighs in favor of a finding that Eleventh Amendment immunity does not reply are correct.[3] Plaintiff's objection to that portion of the Report is overruled.

### 2. The "State Control" Factor

Defendant argues that the Report erred in finding that the "state control" factor "does not weigh in favor of a finding of immunity. Specifically, Defendant argues that the Report erred because "the State has the authority to veto many of the District's decisions, is the origin of much of the District's funding, and has authority regarding the composition of the District's Board of Trustees." (ECF No. 12, p. 4). However, Defendant has not sufficiently demonstrated that the *Ellerbe Becket* test's three factors weigh in Defendant's favor. *See Hutto v. S.C. Ret. Sys.*, 899 F. Supp. 2d 457, 466 (D.S.C. 2012), *aff'd on other grounds*, 773 F.3d 536 (4th Cir. 2014) (stating "that the majority of federal circuit courts are in agreement" that "the burden of persuasion lies with the party asserting the immunity" in cases such as this). The *Ellerbe Becket* test looks at three primary things: "whether the state retains a veto over the entity's actions, the origins of the entity's funding, and who appoints the entity's directors." *Maryland Stadium Auth. V. Ellerbe Becket Inc.*, 407 F.3d 255, 261 (4th Cir. 2005).

---

[3] Additionally, this Court has reviewed the Report's ruling that: "the court rejects Defendant's request . . . that post-*Federal Maritime*, the court should find the first factor neutral even where there is no indication that South Carolina will pay a judgment in this case." (ECF No. 10, p. 13). This Court agrees that the "state treasury" factor can and should be given weight, and that all *Federal Maritime* requires is equal weighing of all factors, which the Report has properly done. *See Federal Maritime v. S.C. Ports Auth.*, 535 U.S. 743, 765 (2002) (emphasizing that "state sovereign immunity serves the important function of shielding state treasuries . . . .").

Defendant largely repeats the arguments contained in its motion to dismiss (ECF No. 4) and has still not pointed to sufficient evidence that South Carolina "retains any veto power over the District." (ECF No. 10, pp. 18–19 (citing *Grady*, 2014 WL 1159406, at *18)). Plaintiff refers to the state's ability to require prior approval of purchases or sales of property and construction of buildings; to require schools to list surplus property online for other government entities to use; and to control bus transportation. (ECF No. 12, pp. 4–6). Although these things indicate that the state has limited veto power over Defendant, there is no evidence that the state could have vetoed the decisions made by Defendant in this case in particular—namely whether to allow virtual teaching to continue, whether to offer Plaintiff a one-year or a five-year contract, and whether to terminate Plaintiff. (ECF No. 10, pp. 2–3). Thus, the evidence of a limited veto power over some of Defendant's decisions "fail[s] to show that the State's veto power deprives [Defendant] of the substantial autonomy it has in administering the policies and standards of the State."[4] *S.H. v. Bd. of Trustees of Colleton Cnty. Sch. Dist.*, No. 2:22-CV-243-RMG, 2022 WL 2276575 (D.S.C. June 22, 2022).

Second, Defendant has not shown that the state appoints its director—or, in this case, its board of trustees. It points out that South Carolina's governor may remove members of a school district's board of trustees for cause. (ECF No. 12, p. 6). However, this ability to remove a board of trustees member in limited circumstances is not

---

[4] This Court also finds compelling Plaintiff's and the Report's discussion of Defendant's status as a corporate entity, its ability to purchase liability insurance, and its ability to retain its own counsel without approval of the state Attorney General. (ECF No. 10, pp. 18–20). *See Bd. of Trustees of Colleton Cnty*, at *3–4.

7

comparable to the power to appoint them. Thus, this factor weighs against a finding that Defendant is an arm of South Carolina.[5]

Lastly, Defendant certainly receives some funding from South Carolina. However, it also receives federal funding, as it is a Title I school. (ECF No. 10, p. 17). This factor is neutral at best, weighing neither firmly for or against a finding that Defendant is an arm of South Carolina. Ultimately, the balance of these factors indicates that Defendant is not an arm of South Carolina and ultimately that it is not entitled to Eleventh Amendment Immunity.

### 3. The "Scope of Concerns" Factor

Defendant next argues that the "scope of concerns" factor weighs in favor of granting Defendant Eleventh Amendment immunity because "public education in South Carolina is a direct and exclusive function and responsibility of the state . . . and not of local government." (ECF No. 12, p. 6). However, the Report noted, and this Court agrees, that the Fourth Circuit has explicitly held that cases which involve local school boards oftentimes will not implicate statewide concerns, even though public education is itself a statewide concern. *See Cash,* 242 F.3d at 226; *see also Grady*, 2014 WL 1159406, at 19 (stating that "[t]he case law has been uniform in finding that school districts deal with local and not statewide concerns"). Thus, Defendant's largely repetitive arguments regarding the

---

[5] The power of state takeover, although it certainly is a form of accountability to which school boards of trustees are subject, does not undermine this Court's conclusion that this factor weighs against finding that Defendant is an arm of the state.

8

nature of public education writ large do not negate the fact that Defendant's scope of concern is ultimately local.[6]

### 4. The "State Law Treatment" Factor[7]

Lastly, Defendant argues that "South Carolina's legal treatment of counties and school districts is distinctly different because of constitutional and statutory 'home rule' provisions that apply to counties and municipalities, but not school districts." (ECF No. 12, p. 8). Defendant also argues that "South Carolina courts treat public school districts as state agencies under the South Carolina Administrative Procedures Act," thereby "treat[ing] [them] as arms of the state" when reviewing their decisions. *Id.* Defendant made the same arguments, nearly verbatim, in the Motion to Dismiss. (ECF No. 4 at 17-20). The Court concludes that the Magistrate Judge thoughtfully and correctly addressed Defendant's arguments on this point in the Report. (ECF No. 10 at 23). As the Magistrate Judge aptly noted, South Carolina law regards school districts as political subdivisions, rather than as state agencies or instrumentalities. Thus, this factor weighs against a finding of immunity for the Defendant. Accordingly, Defendant's objections to the Magistrate Judge's ruling on this issue are overruled.

### IV.     CONCLUSION

---

[6] The Report has also noted, and this Court agrees, that the *Ellerbe Becket* court's discussion of a University that provided public education to the entire state and thus implicated statewide concerns is clearly distinguishable from a local school district which provides public education to that one district. (ECF No. 10, p. 21).

[7] This objection is more appropriately characterized as a disagreement with the Magistrate Judge's conclusion, supported by a rehashing of the arguments previously presented.

This Court **ADOPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 10). Consequently, Defendant's motion to dismiss is **DENIED**. (ECF No. 4). This matter is remanded to the Magistrate Judge for further proceedings consistent with this ruling.

**IT IS SO ORDERED**.

August 15, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge